UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

***********************************************

JOYCE K. TEMPLEMAN and
THOMAS TEMPLEMAN

            Plaintiffs,

v.

AMERICAN SAW &
MANUFACTURING COMPANY

            Defendant.

***********************************************

Civil Action No. 04-30057-KPN

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, American Saw & Manufacturing Company, respectfully states:

1. On February 6, 2004, an action was commenced by the Plaintiffs against the Defendant in the Superior Court of the Commonwealth of Massachusetts, Hampden County, Civil Action No. 04-152. Service of the Summons and Complaint was made on February 25, 2004. Copies of the original Complaint and Summons are attached hereto as Exhibit A.

2. This is action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action involving a diversity of citizenship.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA 01144
(413) 737-4753

01

3. Plaintiffs, Joyce Templeman and Thomas Templeman, are both Massachusetts residents and citizens. Defendant, American Saw & Manufacturing Company, now known as Irwin Industrial Tool Company, is a Delaware corporation with its principal place of business in Freeport, Illinois. There is complete diversity of citizenship, and the amount in controversy is in excess of $75,000.00. Therefore, this court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332, and Defendant, American Saw & Manufacturing Company, is entitled to have this action removed to this court pursuant to 28 U.S.C. § 1441.

4. This Petition for Removal is filed with this court within 30 days after receipt by Defendant, American Saw & Manufacturing Company, on February 25, 2004, of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the summons.

WHEREFORE, the Defendant, American Saw & Manufacturing Company, prays that the above action now pending in the Superior Court, State of Massachusetts, Hampden County, be removed to this Court.

Respectfully submitted,

Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: March 23, 2004

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

-2-

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon Plaintiff's counsel, Dennis M. LaRochelle, Cain Hibbard Myers & Cook, P.C., 66 West Street, Pittsfield, MA 01201, by first-class, U.S. mail, postage prepaid on March 23, 2004.

*/s/ Marylou Fabbo*
Marylou Fabbo, Esq.

F:\OFFICE DOCUMENTS\Data\American Saw\Templeman, Joyce\Civil Action 04-152\Petition for Removal.wpd

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

-3-

Case 3:04-cv-30057-MAP    Document 1    Filed 03/23/2004    Page 4 of 17

COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.                                                                    Superior Court
                                                                                Civil Action No.  04  152

JOYCE K. TEMPLEMAN and
THOMAS TEMPLEMAN,

           Plaintiffs

           v.

AMERICAN SAW &
MANUFACTURING COMPANY,

           Defendant

## COMPLAINT

Plaintiffs Joyce K. Templeman (hereinafter "Templeman") and Thomas Templeman (hereinafter "Thomas"), by and through their counsel, hereby assert as follows:

### Parties

1.  Templeman is an individual, born on July 20, 1948, who currently resides at 73 Stebbins Road, Monson, Massachusetts 01057. Thomas is Templeman's husband, also residing at 73 Stebbins Road, Monson, Massachusetts 01057. At all times relevant to this complaint, Templeman and Thomas have been married and living together as husband and wife.

2.  Defendant American Saw & Manufacturing Company ("American Saw") is, upon information and belief, a Massachusetts corporation doing business at 301 Chestnut

Street, East Longmeadow, Massachusetts 01028 and employs and has employed, at all times relevant to this complaint, over 25 employees.

## Facts

3. Templeman first worked for American Saw through a high school co-op program and then in a full-time position from 1965 through 1968. Templeman returned to work full-time at American Saw on January 18, 1982 as a Credit Correspondent.

4. In January 1994, Templeman changed positions from Credit Correspondent to Customer Service Representative, a position she subsequently held through February 25, 2003. Templeman was one of seven Customer Service Representatives working in a unit within American Saw called the "World Class Team."

5. On December 12, 2002, Templeman tripped and fell at work and injured her right knee. An x-ray taken that day showed a bone fracture in the knee. Templeman's doctor placed her leg in a brace, gave her crutches and ordered her to strict bed rest for treatment and recovery.

6. While recovering, Templeman received workers' compensation.

7. Throughout her leave, Templeman kept in constant contact with her employer, updating American Saw on her medical condition and the progress of her recovery. American Saw's company nurse advised Templeman that American Saw could not guarantee that Templeman's position would be held longer than the twelve weeks required under the Family Medical Leave Act ("FMLA").

8. Early during her leave, Templeman's supervisor at American Saw asked Templeman's husband whether Templeman could return to work quickly, even part time,

2

since the supervisor was planning to depart on maternity leave in February 2003. The supervisor asked the same of Templeman herself on December 24, 2002. Templeman's supervisor asked her on several occasions during her leave to return to work as soon as possible to help handle the work load that the World Class Team was facing and was expecting to face.

9. An employee on the World Class Team, Danielle Timmerman (age approximately 22), was promoted from part-time to full-time status on or about January 1, 2003, while Templeman was out on leave.

10. In early February 2003, while Templeman was still out on leave, another employee, Diana Goncalves, (age approximately 32), was transferred from American Saw's Shipping Department onto the World Class Team and began training as a Customer Service Representative.

11. On February 10, 2003, Templeman received authorization from her doctor to return to work beginning the following week, but with certain restrictions. Templeman was not permitted to drive and she needed to use crutches, wear a knee brace and could perform only deskwork. Additionally, Templeman was required to keep her injured knee elevated when at her desk at American Saw. None of these restrictions affected Templeman's ability to perform her assigned tasks as a Customer Service Representative on the World Class Team.

12. Templeman returned to work on Monday, February 17, 2003 and worked for the full day. At the time she returned to work, Templeman had used less than the permitted twelve weeks of FMLA leave.

3

13. On Tuesday, February 18, 2003, while at work, Templeman's leg swelled badly and she was advised by American Saw's physical therapist and her own doctor to leave work immediately in order to have an ultrasound performed on her leg to determine if there was a blot clot. Templeman left work early that day to have the ultrasound, which did not reveal a blood clot.

14. Templeman returned to work the following day, February 19, 2003, and worked the full day and each work day thereafter through February 25, 2003.

15. On Monday, February 24, 2003, Templeman received a letter indicating that she was being released from workers' compensation.

16. As of February 25, 2003, Templeman's hourly wage was $18.62.

17. Thoughout her employment at American Saw, all of Templeman's performance reviews characterized her performance as satisfactory or above satisfactory.

18. On Tuesday, February 25, 2003, Templeman arrived at work fifteen minutes early and was greeted by American Saw's Customer Service Manager. The Manager asked Templeman to come into his office, where he and American Saw's Director of Human Resources advised Templeman that American Saw was terminating her employment immediately due to "business conditions."

19. The Manager forced Templeman to leave the premises immediately. Templeman attempted to collect her personal belongings but the Manager began to throw them into a box and again ordered Templeman to leave immediately. Templeman was given the box, which contained only a portion of her belongings, and a company nurse escorted her out of the building in a wheel chair, unnecessarily wheeling Templeman

4

through the main part of the facility and past her co-workers, causing her undue embarrassment. To date, Templeman has not received the balance of her personal belongings.

20. When Templeman finally received her personal belongings, some items were missing and others were damaged.

21. By the terms of American Saw's benefits plan for its employees in effect on February 25, 2003 and still in effect, Templeman would have become eligible for company-sponsored health insurance upon retirement from American Saw had she remained employed through her 55th birthday on July 20, 2003.

22. Templeman was the only one of seventeen employees in the Customer Service Department at American Saw who was terminated on or about February 25, 2003. None of the employees remaining in Customer Service Department after that date were disabled.

23. After February 25, 2003, Templeman's position was filled by Diana Goncalves, the young employee who was transferred from the Shipping Department into the Customer Service Department in early February. Ms. Goncalves is not disabled.

24. The motivation for American Saw's wrongful termination of Templeman's employment was her age, her disability, her exercise of her rights under Massachusetts workers' compensation laws and the company's desire to deny Templeman the benefits of the company's retirement plan.

25. Since February 25, 2003, Templeman has been unemployed and unable to find work.

5

26. Since February 25, 2003, Templeman has incurred substantial expenses in providing for her own health insurance under COBRA that she would not have incurred if American Saw had continued to employ her.

27. As a result of her wrongful termination on February 25, 2003, Templeman was denied the opportunity to retire at age 55 and thereby to benefit from American Saw's health-insurance program for retirees.

28. As a result of her wrongful termination on February 25, 2003, Templeman was denied continued participation in American Saw's profit-sharing plan.

29. As a result of her wrongful termination and the embarrassment she suffered by the termination itself and by American Saw's conduct in connection with that termination, Templeman has suffered extreme emotional distress.

30. As a result of the extreme emotional distress suffered by Templeman due to American Saw's conduct, Thomas has suffered the loss of companionship, society and support of his wife to which he is entitled and has reason to expect.

31. Templeman timely filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), on May 27, 2003. In that complaint, Templeman alleged that her termination was a wrongful discriminatory act under federal and state laws based upon both her age and her disability.

## Count One
### Violation of M.G.L. Chapter 151B – Age Discrimination

32. Templeman incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Templeman is over 40 years of age.

34. Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

35. American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

36. American Saw would not have terminated Templeman's employment on February 25, 2003 had she been under 40 years of age.

37. American Saw replaced Templeman with another employee who was less qualified but was under 40 years of age.

38. American Saw's termination of Templeman was a willful violation of M.G.L. ch. 151B.

WHEREFORE, Templeman respectfully requests that the Court find American Saw in willful violation of M.G.L. ch. 151B and award Templeman triple her lost wages and benefits (including health insurance), triple the 2002 profit-sharing distribution to which Templeman would have been entitled, triple damages for her emotional distress, and an order directing American Saw to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and

costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

### Count Two
### Violation of M.G.L. ch. 151B – Disability Discrimination

39. Templeman incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Templeman's knee injury constitutes a "handicap" as that term is defined in M.G.L. ch. 151B.

41. In spite of her handicap, Templeman is, and was at all times relevant to this complaint, capable of performing the essential functions of Customer Service Representative at American Saw.

42. Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

43. American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

44. American Saw's termination of Templeman's employment on February 25, 2003 was motivated, at least in part, by Templeman's handicap.

45. American Saw replaced Templeman with another employee who was not handicapped.

46. American Saw's termination of Templeman was a willful violation of M.G.L. ch. 151B.

WHEREFORE, Templeman respectfully requests that the Court find American Saw in willful violation of M.G.L. ch. 151B and award Templeman triple her lost wages

and benefits (including health insurance), triple the 2002 profit-sharing distribution to which Templeman would have been entitled, triple damages for her emotional distress, and an order directing American Saw to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

### Count Three
### Violation of M.G.L. ch. 152 § 75B – Discrimation Because of Exercising Rights Under State Worker's Compensation Laws

47.     Templeman incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     As a result of her workplace injury, Templeman exercised her rights under the Massachusetts workers' compensation laws and received workers' compensation payments during her leave of absence from work from December 12, 2002 through February 17, 2003.

49.     American Saw wrongfully terminated Templeman's employment on February 25, 2003 in retaliation for Templeman's exercise of her rights under Massachusetts workers' compensation laws.

WHEREFORE, Templeman respectfully requests that the Court find American Saw in violation of M.G.L. ch. 152 § 75B and award Templeman her lost wages and benefits (including health insurance), the 2002 profit-sharing distribution to which Templeman would have been entitled, damages for her emotional distress and an order

directing American Saw to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

## Count Four
### Intentional Infliction of Emotional Distress

50.    Templeman incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.    American Saw and its employees terminated Templeman's employment and did so at such a time and in such a manner with the intention of causing her severe emotional distress and/or with reckless disregard for the substantial possibility that it would cause her severe emotional distress.

52.    As a direct result of American Saw's conduct, Templeman did indeed suffer emotional distress, which has forced her to seek counseling and has exacerbated her already-existing medical condition.

WHEREFORE, Templeman respectfully requests that the Court find that American Saw intentionally inflicted emotional distress on Templeman and award her such damages as she may prove at trial, along with interest, attorneys' fees and costs, and such other relief as the Court may deem just and equitable.

10

## Count Five
## Loss of Consortium

53. Thomas incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. As a direct result of Templeman's emotional distress suffered because of American Saw's conduct as detailed above, Thomas has suffered, and continues to suffer, the loss of emotional and physical companionship, society and support of his wife to which he is entitled and which he has reason to expect.

WHEREFORE, Thomas respectfully requests that the Court find American Saw liable for his loss of consortium and award him such damages as he may prove at trial, along with interest, attorneys' fees and costs, and such other relief as the Court may deem just and equitable.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL APPROPRIATE ISSUES.

Respectfully submitted,

JOYCE K. TEMPLEMAN

By her attorneys,

Diane M. DeGiacomo (BBO# 555930)
Dennis M. LaRochelle (BBO# 600924)
CAIN, HIBBARD, MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771

Dated: February 5, 2004

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.
                                                        SUPERIOR COURT
                                       DEPARTMENT OF THE TRIAL COURT
                                                CIVIL ACTION
                                                      NO.

Joyce K. Templeman and Thomas Templeman
_____, PLAINTIFF(S)

                  V.
                                                    SUMMONS
American Saw & Manufacturing Company
_____, DEFENDANT(S)

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

To the above named defendant:

You are hereby summoned and required to serve upon Dennis M. LaRochelle, Cain Hibbard Myers & Cook, 66 West St. Pittsfield, MA 01201 , plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___6th___ day of __February__ in the year of our Lord two thousand Four.

                                                                                                                Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ____Feb 25____, 2004, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

Sent by US mail, first class, postage prepaid, to defendants counsel, Jay M. Presser, Esq., Skoler, Abbot & Presser, PC, One Monarch Place, Suite 2000, Springfield, MA 01144 upon agreement by Mr. Presser that he could and would accept service by mail on behalf of his client.

American Saw & Manufacturing Company

Dated: __February 25__, 2004

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

( February 25, 2004 )

Dennis M. LaRochelle