MAS-20030312
copesher

**Commonwealth of Massachusetts**
**HAMPDEN SUPERIOR COURT**
**Case Summary**
**Civil Docket**

03/26/2004
10:58 PM

*By* _____

# HDCV2004-00152
## Templeman et al v American Saw & Manufacturing Company

| | | | | |
|---|---|---|---|---|
| **File Date** | 02/10/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 03/24/2004 | **Session** | A - Civil A - CtRm 6 | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | |
| **Lead Case** | | **Track** | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 05/10/2004 | **Answer** | 07/09/2004 | **Rule12/19/20** | 07/09/2004 |
| **Rule 15** | 07/09/2004 | **Discovery** | 12/06/2004 | **Rule 56** | 01/05/2005 |
| **Final PTC** | 02/04/2005 | **Disposition** | 04/05/2005 | **Jury Trial** | Yes |

**Plaintiff**
Joyce K Templeman
Active 02/10/2004

**Private Counsel 600924**
Dennis M. LaRochelle
Cain Hibbard Myers & Cook
66 West Street
Pittsfield, MA 01201
Phone: 413-443-4771
Fax: 413-443-7694
Active 02/10/2004 Notify

**Plaintiff**
Thomas Templeman
Active 02/10/2004

*** See Attorney Information Above ***

**Defendant**
American Saw & Manufacturing Company
Served: 02/25/2004
Served (answr pending) 02/27/2004

**Private Counsel 566613**
Marylou Varao Fabbo
Skoler Abbott & Presser PC
1 Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 03/24/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 02/10/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 02/10/2004 | | Origin 1, Type B22, Track F. |
| 02/10/2004 | 2.0 | Uniform Counsel Certification filed by Plaintiff's, attorney Dennis M. LaRochelle |
| 02/27/2004 | 3.0 | SERVICE RETURNED: American Saw & Manufacturing Company(Defendant) |
| 03/24/2004 | 4.0 | Case REMOVED this date to US District Court of Massachusetts |

MAS-20030312
copesher

**Commonwealth of Massachusetts**
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

03/26/2004
10:53 PM

# HDCV2004-00152
## Templeman et al v American Saw & Manufacturing Company

A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
24th day of March, 2004

Deputy Assistant Clerk

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - N   OR VEHICLE TORT - CONTRACT - EQUI   3LE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

FEB 2 7 2004

*Marie G. Mazza*
CLERK-M*

**HAMPDEN, ss.**

Joyce K. Templeman and Thomas
Templeman
_____, PLAINTIFF(S)

V.

American Saw & Manufacturing
Company
_____, DEFENDANT(S)

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-152**

**SUMMONS**

To the above named defendant:

You are hereby summoned and required to serve upon
Dennis M. LaRochelle
_____, plaintiff's attorney, whose address is
Cain Hibbard Myers & Cook, 66 West St. Pittsfield, MA 01201
_____, an answer to the complaint which is
herewith served upon you, within 20 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint
in the office of the Clerk of this court at Springfield either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred
from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____6th_____ day
of _February_ in the year of our Lord two thousand *Four*.

*Marie G. Mazza*
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

**Attest:**

*Shawn L Cyr*
Deputy **Assistant Clerk**

2

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _Feb 25____, 200⁴, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

Sent by US mail, first class, postage prepaid,
to defendants counsel, Jay M. Presser, Esg.,
Skoler, Abbot & Presser, PC, One Monarch Place,
Suite 2000, Springfield, MA 01144 upon agreement
by Mr. Presser that he could and would accept
service by mail on behalf of his client.

_American Saw & Manufacturing Company_
_____
_____
_____
_____

Dated: _February 25____, 200⁴

N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

(_____
( February 25    , 200⁴ )
(_____

_Dennis M. LaRochelle_

2004 FEB 27 A 11: 29

A true copy.

Attest:

Deputy Assistant Clerk

**Commonwealth of Massachusetts**
**Trial Court**

_____Hampden_____    Superior Court Department

**UNIFORM COUNSEL CERTIFICATION**
**FOR CIVIL CASES**

CASE NAME:_____Joyce K. Templeman and Thomas Templeman v. American Saw &
Manufacturing_____    DOCKET #04    152

I am attorney-of-record for:_Joyce K. Templeman and Thomas Templeman_____
**plaintiff**/defendant/petitioner in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution
(SJC Rule 1:18) which states in part: ". . . Attorneys shall:  provide their clients with this
information about court-connected dispute resolution services; discuss with their clients the
advantages and disadvantages of the various methods of dispute resolution; and certify their
compliance with this requirement on the civil cover sheet or its equivalent . . .,"  I hereby
certify that I have complied with this requirement.

_____
Signature of Attorney-of-Record

_____
Dennis M. LaRochelle
Print Name

B.B.O. #_____600924_____

Date: _February 5, 2004___

This certification may be filed by counsel as is, or this text may be incorporated into a form currently
in use at the initiation of a case (e.g., civil cover sheet, appearance form, etc.), as determined to be
appropriate in each department of the Trial Court.  Plaintiff's/Petitioner's counsel shall file this
document at the time his/her initial pleading is filed.  All other counsel shall file it within thirty (30)
days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.

147421

A true copy.

Attest:

_____
Deputy Assistant Clerk

2

| CIVIL ACTION COVER SHEET | DOC. NO.(S) 04 152 | T l Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

PLAINTIFF(S)
Joyce K. Templeman and Thomas Templeman

DEFENDANT(S)
American Saw & Manufacturing Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 443-4771
Dennis M. LaRochelle, Cain Hibbard Myers & Cook, PC,
66 West Street, Pittsfield, MA 01201
Board of Bar Overseers number: 600924

ATTORNEY (if known)                    (413) 737-4753
Jay Presser, Skoler, Abbott & Presser, PC,
One Monarch Place, Suite 2000, Springfield, MA 01144

## Origin code and track designation

Place an x in one box only:
XX   1. F01 Original Complaint
☐    2. F02 Removal to Sup.Ct. C.231,s.104
     (Before trial) (F)
☐    3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐    4. F04 District Court Appeal c.231, s. 97 &104 (After
     trial) (X)
☐    5. F05 Reactivated after rescript; relief from
     judgment/Order (Mass.R.Civ.P. 60) (X)
☐    6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

B22        Employment Discrimination    ( F )        (XX) Yes      ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)
A.   Documented medical expenses to date:
  1.   Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
  2.   Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
  3.   Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
  4.   Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
  5.   Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
                                                                          Subtotal $. . . . . . . . . .
B.   Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . $ 36,635.57
C.   Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
D.   Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $. . . . . . . . . .
E.   Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
F.   Other documented items of damages (describe)
     Lost anticipated future wages                                       $ 38,878.56
G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)
     Lost benefits, emotional distress, and loss of consortium

                                                                          $ 180,275.80
                                                                    TOTAL $ 255,789.93

HAMPDEN COUNTY
SUPERIOR COURT
FILED
FEB 1 0 2004

CLERK-MAGISTRATE

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

A true copy.

Attest:

Deputy Assistant Clerk                                    TOTAL $. . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                              DATE: 2/6/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

2004 FEB 10 A 10: 53

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

A true copy.

Attest:

Deputy Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.

Superior Court
Civil Action No.  **04  152**

---

JOYCE K. TEMPLEMAN and
THOMAS TEMPLEMAN,

**Plaintiffs**

v.

AMERICAN SAW &
MANUFACTURING COMPANY,

**Defendant**

---

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

FEB 1 0 2004

CLERK-MAGISTRATE

## **COMPLAINT**

Plaintiffs Joyce K. Templeman (hereinafter "Templeman") and Thomas

Templeman (hereinafter "Thomas"), by and through their counsel, hereby assert as

follows:

### **Parties**

1.      Templeman is an individual, born on July 20, 1948, who currently resides

at 73 Stebbins Road, Monson, Massachusetts 01057.  Thomas is Templeman's husband,

also residing at 73 Stebbins Road, Monson, Massachusetts 01057.  At all times relevant to

this complaint, Templeman and Thomas have been married and living together as husband

and wife.

2.      Defendant American Saw & Manufacturing Company ("American Saw") is,

upon information and belief, a Massachusetts corporation doing business at 301 Chestnut

No. of Pgs. *two*
Fee Paid - $ *480.00*    Cash Check
Surcharge Paid - $ *15.00*    Cash Check
Security Fee - Paid - $ *20.00*    Cash Check
Received by *MEH*

Street, East Longmeadow, Massachusetts 01028 and employs and has employed, at all times relevant to this complaint, over 25 employees.

## Facts

3.    Templeman first worked for American Saw through a high school co-op program and then in a full-time position from 1965 through 1968.  Templeman returned to work full-time at American Saw on January 18, 1982 as a Credit Correspondent.

4.    In January 1994, Templeman changed positions from Credit Correspondent to Customer Service Representative, a position she subsequently held through February 25, 2003.  Templeman was one of seven Customer Service Representatives working in a unit within American Saw called the "World Class Team."

5.    On December 12, 2002, Templeman tripped and fell at work and injured her right knee. An x-ray taken that day showed a bone fracture in the knee. Templeman's doctor placed her leg in a brace, gave her crutches and ordered her to strict bed rest for treatment and recovery.

6.    While recovering, Templeman received workers' compensation.

7.    Throughout her leave, Templeman kept in constant contact with her employer, updating American Saw on her medical condition and the progress of her recovery.  American Saw's company nurse advised Templeman that American Saw could not guarantee that Templeman's position would be held longer than the twelve weeks required under the Family Medical Leave Act ("FMLA").

8.    Early during her leave, Templeman's supervisor at American Saw asked Templeman's husband whether Templeman could return to work quickly, even part time,

2

since the supervisor was planning to depart on maternity leave in February 2003. The supervisor asked the same of Templeman herself on December 24, 2002. Templeman's supervisor asked her on several occasions during her leave to return to work as soon as possible to help handle the work load that the World Class Team was facing and was expecting to face.

9.     An employee on the World Class Team, Danielle Timmerman (age approximately 22), was promoted from part-time to full-time status on or about January 1, 2003, while Templeman was out on leave.

10.     In early February 2003, while Templeman was still out on leave, another employee, Diana Goncalves, (age approximately 32), was transferred from American Saw's Shipping Department onto the World Class Team and began training as a Customer Service Representative.

11.     On February 10, 2003, Templeman received authorization from her doctor to return to work beginning the following week, but with certain restrictions. Templeman was not permitted to drive and she needed to use crutches, wear a knee brace and could perform only deskwork. Additionally, Templeman was required to keep her injured knee elevated when at her desk at American Saw. None of these restrictions affected Templeman's ability to perform her assigned tasks as a Customer Service Representative on the World Class Team.

12.     Templeman returned to work on Monday, February 17, 2003 and worked for the full day. At the time she returned to work, Templeman had used less than the permitted twelve weeks of FMLA leave.

3

13.    On Tuesday, February 18, 2003, while at work, Templeman's leg swelled badly and she was advised by American Saw's physical therapist and her own doctor to leave work immediately in order to have an ultrasound performed on her leg to determine if there was a blot clot. Templeman left work early that day to have the ultrasound, which did not reveal a blood clot.

14.    Templeman returned to work the following day, February 19, 2003, and worked the full day and each work day thereafter through February 25, 2003.

15.    On Monday, February 24, 2003, Templeman received a letter indicating that she was being released from workers' compensation.

16.    As of February 25, 2003, Templeman's hourly wage was $18.62.

17.    Thoughout her employment at American Saw, all of Templeman's performance reviews characterized her performance as satisfactory or above satisfactory.

18.    On Tuesday, February 25, 2003, Templeman arrived at work fifteen minutes early and was greeted by American Saw's Customer Service Manager. The Manager asked Templeman to come into his office, where he and American Saw's Director of Human Resources advised Templeman that American Saw was terminating her employment immediately due to "business conditions."

19.    The Manager forced Templeman to leave the premises immediately. Templeman attempted to collect her personal belongings but the Manager began to throw them into a box and again ordered Templeman to leave immediately. Templeman was given the box, which contained only a portion of her belongings, and a company nurse escorted her out of the building in a wheel chair, unnecessarily wheeling Templeman

through the main part of the facility and past her co-workers, causing her undue embarrassment. To date, Templeman has not received the balance of her personal belongings.

20.    When Templeman finally received her personal belongings, some items were missing and others were damaged.

21.    By the terms of American Saw's benefits plan for its employees in effect on February 25, 2003 and still in effect, Templeman would have become eligible for company-sponsored health insurance upon retirement from American Saw had she remained employed through her 55th birthday on July 20, 2003.

22.    Templeman was the only one of seventeen employees in the Customer Service Department at American Saw who was terminated on or about February 25, 2003. None of the employees remaining in Customer Service Department after that date were disabled.

23.    After February 25, 2003, Templeman's position was filled by Diana Goncalves, the young employee who was transferred from the Shipping Department into the Customer Service Department in early February. Ms. Goncalves is not disabled.

24.    The motivation for American Saw's wrongful termination of Templeman's employment was her age, her disability, her exercise of her rights under Massachusetts workers' compensation laws and the company's desire to deny Templeman the benefits of the company's retirement plan.

25.    Since February 25, 2003, Templeman has been unemployed and unable to find work.

26.    Since February 25, 2003, Templeman has incurred substantial expenses in providing for her own health insurance under COBRA that she would not have incurred if American Saw had continued to employ her.

27.    As a result of her wrongful termination on February 25, 2003, Templeman was denied the opportunity to retire at age 55 and thereby to benefit from American Saw's health-insurance program for retirees.

28.    As a result of her wrongful termination on February 25, 2003, Templeman was denied continued participation in American Saw's profit-sharing plan.

29.    As a result of her wrongful termination and the embarrassment she suffered by the termination itself and by American Saw's conduct in connection with that termination, Templeman has suffered extreme emotional distress.

30.    As a result of the extreme emotional distress suffered by Templeman due to American Saw's conduct, Thomas has suffered the loss of companionship, society and support of his wife to which he is entitled and has reason to expect.

31.    Templeman timely filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), on May 27, 2003. In that complaint, Templeman alleged that her termination was a wrongful discriminatory act under federal and state laws based upon both her age and her disability.

**Count One**
**Violation of M.G.L. Chapter 151B – Age Discrimination**

32.    Templeman incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.    Templeman is over 40 years of age.

34.    Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

35.    American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

36.    American Saw would not have terminated Templeman's employment on February 25, 2003 had she been under 40 years of age.

37.    American Saw replaced Templeman with another employee who was less qualified but was under 40 years of age.

38.    American Saw's termination of Templeman was a willful violation of M.G.L. ch. 151B.

WHEREFORE, Templeman respectfully requests that the Court find American Saw in willful violation of M.G.L. ch. 151B and award Templeman triple her lost wages and benefits (including health insurance), triple the 2002 profit-sharing distribution to which Templeman would have been entitled, triple damages for her emotional distress, and an order directing American Saw to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and

costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

## Count Two
## Violation of M.G.L. ch. 151B – Disability Discrimination

39.    Templeman incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.    Templeman's knee injury constitutes a "handicap" as that term is defined in M.G.L. ch. 151B.

41.    In spite of her handicap, Templeman is, and was at all times relevant to this complaint, capable of performing the essential functions of Customer Service Representative at American Saw.

42.    Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

43.    American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

44.    American Saw's termination of Templeman's employment on February 25, 2003 was motivated, at least in part, by Templeman's handicap.

45.    American Saw replaced Templeman with another employee who was not handicapped.

46.    American Saw's termination of Templeman was a willful violation of M.G.L. ch. 151B.

WHEREFORE, Templeman respectfully requests that the Court find American Saw in willful violation of M.G.L. ch. 151B and award Templeman triple her lost wages

and benefits (including health insurance), triple the 2002 profit-sharing distribution to which Templeman would have been entitled, triple damages for her emotional distress, and an order directing American Saw to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

### Count Three
### Violation of M.G.L. ch. 152 § 75B – Discrimation Because of
### Exercising Rights Under State Worker's Compensation Laws

47.    Templeman incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.    As a result of her workplace injury, Templeman exercised her rights under the Massachusetts workers' compensation laws and received workers' compensation payments during her leave of absence from work from December 12, 2002 through February 17, 2003.

49.    American Saw wrongfully terminated Templeman's employment on February 25, 2003 in retaliation for Templeman's exercise of her rights under Massachusetts workers' compensation laws.

WHEREFORE, Templeman respectfully requests that the Court find American Saw in violation of M.G.L. ch. 152 § 75B and award Templeman her lost wages and benefits (including health insurance), the 2002 profit-sharing distribution to which Templeman would have been entitled, damages for her emotional distress and an order

9

directing American Saw to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

## Count Four
## Intentional Infliction of Emotional Distress

50.     Templeman incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     American Saw and its employees terminated Templeman's employment and did so at such a time and in such a manner with the intention of causing her severe emotional distress and/or with reckless disregard for the substantial possibility that it would cause her severe emotional distress.

52.     As a direct result of American Saw's conduct, Templeman did indeed suffer emotional distress, which has forced her to seek counseling and has exacerbated her already-existing medical condition.

WHEREFORE, Templeman respectfully requests that the Court find that American Saw intentionally inflicted emotional distress on Templeman and award her such damages as she may prove at trial, along with interest, attorneys' fees and costs, and such other relief as the Court may deem just and equitable.

## Count Five
## <u>Loss of Consortium</u>

53.    Thomas incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54.    As a direct result of Templeman's emotional distress suffered because of American Saw's conduct as detailed above, Thomas has suffered, and continues to suffer, the loss of emotional and physical companionship, society and support of his wife to which he is entitled and which he has reason to expect.

WHEREFORE, Thomas respectfully requests that the Court find American Saw liable for his loss of consortium and award him such damages as he may prove at trial, along with interest, attorneys' fees and costs, and such other relief as the Court may deem just and equitable.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL APPROPRIATE ISSUES.

Respectfully submitted,

JOYCE K. TEMPLEMAN

By her attorneys,

Diane M. DeGiacomo (BBO# 555930)
Dennis M. LaRochelle (BBO# 600924)
CAIN, HIBBARD, MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771

Dated:  February 5, 2004

A true copy.

Attest:

Deputy Assistant Clerk

11