UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| JOYCE K. TEMPLEMAN and THOMAS TEMPLEMAN,<br><br>Plaintiffs<br><br>v.<br><br>AMERICAN SAW & MANUFACTURING COMPANY,<br><br>Defendant | Civil Action No. 04-30057-KPN |

## MOTION TO REMAND

Now come the plaintiffs, Joyce K. Templeman ("Templeman") and Thomas Templeman and move the Court to remand this action, pursuant to 28 U.S.C. § 1447(c), to the Superior Court for Hampden County, Massachusetts. Remand is proper and mandated because this case was removed improperly by the defendant, American Saw & Manufacturing Company ("American Saw"). This Court does not have subject matter jurisdiction over this action as there is no federal question present and there is no diversity of citizenship between the parties.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of the termination of Templeman's employment with American Saw on February 25, 2003. Complaint ¶ 18. Templeman is a 55-year old citizen of Massachusetts. Complaint ¶ 1. Prior to her discharge, Templeman had been a full-time

employee of American Saw for 24 years, from 1965 to 1968 and from 1982 to 2003. Complaint ¶ 3. American Saw was, and is, incorporated in Massachusetts and maintains its principal place of business in Massachusetts. See Exhibit A hereto. Templeman claims that her discharge was an act of discrimination, based on (a) her age; (b) her disability and (c) her exercise of rights granted to her by the Massachusetts Workers' Compensation statutes. Complaint ¶¶ 32-49. Templeman's claims are all brought under Massachusetts state law. Id.

Templeman first brought her claims to the Massachusetts Commission Against Discrimination ("MCAD") on May 27, 2003. Complaint ¶ 31. Templeman withdrew her claims from the MCAD and filed them in the Superior Court for Hampden County, Massachusetts on February 6, 2004, as she is entitled to do by law. See M.G.L. ch. 151B § 5. By agreement among the parties, the plaintiff delivered a copy of the complaint to the defendant's counsel by facsimile on February 11, 2004 but withheld service of the summons and complaint until February 25, 2004. On March 23, 2004, American Saw removed this action pursuant to 28 U.S.C. § 1446, claiming subject matter jurisdiction based upon diversity of citizenship and 28 U.S.C. § 1332. See Petition for Removal ¶ 2. American Saw claims that it has changed its name and is no longer either incorporated or principally located in Massachusetts. Petition for Removal ¶ 3.

## ARGUMENT

According to 28 U.S.C. § 1441(b), removal is proper only when there is a federal question or when the defendant is not a citizen of the state in which the action is pending. In fact, 28 U.S.C. § 1447(c) specifically provides that removed actions shall be remanded

2

whenever it appears that subject matter jurisdiction is lacking. It is statutory law that subject matter jurisdiction, unlike personal jurisdiction, cannot be waived by the parties and such remand is mandatory, not discretionary. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

There are two bases for subject matter jurisdiction in the federal district courts: the appearance of a question of federal law (see 28 U.S.C. § 1331) or diversity of citizenship along with an amount in controversy of at least $75,000 (see 28 U.S.C. § 1332). Neither basis for jurisdiction is present here.

American Saw does not claim, nor can it, that there is a federal question present in this action. The plaintiffs' claims all arise under Massachusetts statutory and common law and there is no federal sub-component to any of their claims. See Complaint ¶¶ 32-54. There is thus no subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Nor is there any diversity of citizenship. For purposes of determining federal diversity jurisdiction, a corporation is considered to be a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). American Saw has been incorporated in Massachusetts and has maintained its principal place of business throughout Templeman's employment and since her termination. The on-line records of the Secretary of the Commonwealth of Massachusetts as of March 29, 2004 (after American Saw removed this action) reveal that American Saw is still incorporated in Massachusetts and still lists its principal place of business as East Longmeadow, Massachusetts. See Exhibit A hereto. Further, American Saw did not identify any name change or a change of location when it responded to Templeman's MCAD complaint on September 3, 2003, nor has it responded to the plaintiffs' simple request that it provide

3

documentation proving that is it no longer a Massachusetts corporation or principally located there.

Even if American Saw's claims of renaming and relocation were factually correct, American Saw cannot use corporate reconfiguration to create diversity jurisdiction where none previously existed. Federal statute prevents a litigant from creating diversity jurisdiction by creating a new entity with different citizenship. See 28 U.S.C. § 1359.

## CONCLUSION

The Court has no subject matter jurisdiction over this action. On that basis, American Saw's removal of this action was procedurally improper. Wherefore, for the reasons stated herein, the plaintiffs respectfully request that the Court remand this action to the Superior Court for Hampden County, Massachusetts.

Respectfully submitted,

_____
Diane M. DeGiacomo (BBO# 555930)
Dennis M. LaRochelle (BBO# 600924)
CAIN, HIBBARD, MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771

Dated: April 22, 2004

## CERTIFICATE OF SERVICE

I, Dennis M. LaRochelle, certify that on this Twenty-Second Day of April, 2004, I served a copy of the foregoing document on the following counsel of record via first class mail, postage pre-paid:

>Amy B. Royal, Esq.
>Skoler, Abbott & Presser, PC
>One Monarch Place, Suite 2000
>Springfield, Massachusetts  01144

>_____
>Dennis M. LaRochelle

## COUNSEL CERTIFICATION

In accordance with Local Rule 7.1(A)(3) of the United States District Court for the District of Massachusetts, I certify that I have conferred with counsel for the defendant in a good-faith effort to resolve or narrow the issue presented in this motion and have been unsuccessful in that effort.

_____
Dennis M. LaRochelle



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

## *AMERICAN SAW & MFG. COMPANY* Summary Screen

Help with this form

**Request a Certificate**

| | |
|---|---|
| The exact name of the Domestic Profit Corporation: | AMERICAN SAW & MFG. COMPANY |
| Mergered with: AMERICAN SAW & MFG.(VIRGIN IS) on 12/23/86 | |
| Entity Type: Domestic Profit Corporation | |
| Identification Number: 041029790 | |
| Date of Organization in Massachusetts: 01/21/1915 | |
| Current Fiscal Month / Day: 12 / 31 | Previous Fiscal Month / Day: 00 / 00 |

**The location of its principal office in Massachusetts:**
No. and Street: 301 CHESTNUT ST
City or Town: E LONGMEADOW     State: MA     Zip: 01028     Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:     State:     Zip:     Country:

**The name and address of the Resident Agent:**
Name:
No. and Street:
City or Town:     State:     Zip:     Country:

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | JAMES E. DAVIS | 75 RUGBY RD., LONGMEADOW, MA USA<br>75 RUGBY RD., LONGMEADOW, MA USA | |
| TREASURER | JOHN H. DAVIS | 73 TWIN HILLS DR., LONGMEADOW, MA USA<br>73 TWIN HILLS DR., LONGMEADOW, MA USA | |

| CLERK | JOHN H. DAVIS | 73 TWIN HILLS DR., LONGMEADOW, MA USA 73 TWIN HILLS DR., LONGMEADOW, MA USA | |

business entity stock is publicly traded: __

The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments<br>*Num of Shares    Total Par Value* | Total Issued and Outstanding<br>*Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

| __ Consent | **X** Manufacturer | __ Confidential Data | __ Does Not Require Annual Report |
| __ Partnership | __ Resident Agent | **X** For Profit | __ Merger Allowed |

**Note:** There is additional information located in the cardfile that is not available on the system.

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Annual Report
Application For Revival
Articles of Amendment
Articles of Consolidation - Foreign and Domestic

**Comments**

© 2001 - 2004 Commonwealth of Massachusetts
All Rights Reserved

Help