UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOYCE K. TEMPLEMAN and THOMAS TEMPLEMAN, Plaintiffs, | * | |
| v. | * | Civil Action No. 04-30057-KPN |
| AMERICAN SAW & MANUFACTURING COMPANY, Defendant. | * | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant, American Saw & Manufacturing Company ("American Saw" or "Defendant"),[1] submits this Opposition to Plaintiffs' Motion to Remand. The Defendant opposes Plaintiffs Motion to Remand on the ground that removal to federal court was proper based on diversity jurisdiction as the Plaintiffs are of diverse citizenship from the Defendant and the amount in controversy exceeds $75,000.

**PROCEDURAL BACKGROUND**

The Plaintiffs, Joyce K. Templeman and Thomas Templeman, initially brought a five Count complaint against American Saw & Manufacturing Company, which was filed in Hampden County Superior Court on or around February 6, 2004. The Plaintiffs served their Complaint on the Defendant or around February 26, 2004. On March 23, 2004, Defendant removed this action to federal court, pursuant to 28 U.S.C. §§ 1441

[1] Plaintiffs have brought suit against a Defendant that no longer exists. American Saw & Manufacturing Company ceased to exist after it was merged into Irwin Industrial Tool Company on December 31, 2003. As it has no legal existence, American Saw has moved to dismiss itself from the case in a separate Motion filed with this Court.

and 1446, on the basis of diversity of citizenship. On March 29, 2004, the parties filed a Stipulation to Amend Complaint and to Extend Time ("Stipulation to Amend") in which the parties agreed that no response or amendment to the Complaint would be due until after the resolution of the Plaintiffs' Motion to Remand. Also, in the Stipulation to Amend, Plaintiffs agreed to dismiss Counts IV and V of the Complaint within seven days after the resolution of the removal/remand issue.

## FACTUAL BACKGROUND

Both Plaintiffs are citizens of Massachusetts. *See* Plaintiffs' Complaint, ¶ 1. Defendant is an out of state corporation with dual citizenship in Delaware and North Carolina. *See* Articles of Merger of Parent and Subsidiary Corporations, which is attached hereto as Exhibit A; State of Delaware Certificate of Good Standing for Irwin Industrial Tool Company, which is attached hereto as Exhibit B; Annual Report of Irwin Industrial Tool Company, which is attached hereto as Exhibit C; and Affidavit of William Behlke, which is attached hereto as Exhibit D. On December 31, 2003, the named Defendant was merged into Irwin Industrial Tool Company, a Delaware corporation with a principal place of business in North Carolina.[2] *See* Exhibits A-D. The merger occurred one and one half months before Plaintiffs commenced this action in state court and almost three months before the Defendant removed it to federal court.

[2] Irwin Industrial Tool Company is a division of Newell Rubbermaid. Newell Rubbermaid is incorporated in Delaware, with a principal place of business in Atlanta, Georgia.

**ARGUMENT**

Defendant has properly removed this action to federal court based on diversity jurisdiction as complete diversity of citizenship exists. Under 28 U.S.C. § 1332, federal courts have original jurisdiction over actions in which there is complete diversity of citizenship of the parties and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). For there to be complete diversity, the plaintiffs must be of diverse citizenship from the defendants. A corporate defendant for purposes of diversity has dual citizenship: it is a citizen both of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

In determining whether the action has been properly removed based on diversity of citizenship, the court looks to whether there is complete diversity at the time the civil action is commenced and at the time of removal. *See* Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991) (stating that it is well-established that diversity is determined at the time the action is filed); Topp v. CompAir, Inc., 814 F.2d 830, 832, n. 1 (1st Cir. 1987) ("Citizenship, for purposes of establishing diversity jurisdiction, is determined as of the date of initiation of suit"); Lugo-Vina v. Pueblo International, 574 F.2d 41, 42, n. 1 (1st Cir. 1978) (diversity jurisdiction is determined at the time the complaint is filed); Bird Machine v. Day, 303 F. Supp. 834 (D. Mass. 1969) (diversity is assessed at the commencement of a civil action); *see also* Boston v. Titan Indemnity Co., 34 F. Supp. 2d 419, 421 (N.D. Miss. 1999) (stating the general rule is that diversity of citizenship is determined at the commencement of a civil action); Ren-Dan Farms, Inc. v. Monsanto Co., 952 F. Supp. 370 (W.D.La. 1997) ("For removal purposes,

diversity must exist both at the time of removal and at the time the suit was commenced").

Here, the federal court has original jurisdiction over this action based upon diversity. Plaintiffs clearly seek damages in excess of the $75,000 jurisdictional amount, as Plaintiffs claim that they sustained damages in excess of $255,000. Further, there is complete diversity of the parties. Plaintiffs admittedly are citizens of the Commonwealth of Massachusetts. *See* Complaint, ¶ 1. Defendant is not a Massachusetts corporation. *See* Exhibit A. At the time the civil action was commenced and at the time the action was removed, Defendant was a citizen of Delaware, the state in which it was incorporated, and North Carolina, the state where it has its principal place of business. *See* Exhibits A, B and D.

In fact, on December 31, 2003, the named Defendant, American Saw, was merged into Irwin Industrial Tool Company, a Delaware corporation, with a principal place of business in North Carolina. *See* Exhibit A. It is well-settled that when a corporation is merged with another, it ceases to exits. *See* Mass. Gen. L. c. 156B, § 80; American Buildings Co. v. Varicon, Inc., 616 F. Supp. 641, 644 (D. Mass. 1985); *see also* Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543, 548-49 (7th Cir. 1975) ("the proposition that separate corporations lose their separate identity after merger is too evident for much discussion"). For diversity purposes, the citizenship of the surviving corporation governs. *See* American Buildings Co., 616 F. Supp. at 644; Hoefferle Truck Sales, Inc., 523 F.2d at 548-49.

In the present case, following the merger, the named Defendant no longer existed as a corporate entity at all. Its pre-litigation status as a Massachusetts corporation is wholly irrelevant to the diversity analysis as the citizenship of the parties at the time the civil action was commenced and at the time of removal controls. At the time the lawsuit was commenced and at the time the case was removed, Irwin Industrial Tool Company, the surviving entity following the merger, was an out of state corporation, incorporated in Delaware, with its principal place of business in Huntersville, North Carolina.[3] Although Plaintiffs have stated that the on-line records of the Secretary of the Commonwealth of Massachusetts reveal that Defendant is still incorporated in Massachusetts, this not the case. Indeed, the on-line records show that American Saw & Manufacturing Company was merged into Irwin Industrial Tool Company on December 31, 2003. *See* On-line Record, which is attached hereto as Exhibit F. Defendant has conclusively established that it is incorporated in the state of Delaware and thus is a citizen of Delaware for diversity purposes. *See* Exhibits A and B.

Further, Defendant is also a citizen of North Carolina as its principal place of business is in that state. The First Circuit has utilized three tests to determine a corporation's principal place of business: (1) the "nerve center" test; (2) the "center of

[3] In Plaintiffs' Motion to Remand, Plaintiffs claim that Defendant did not identify any name change or change of location when it responded to Joyce K. Templeman's Massachusetts Commission Against Discrimination Charge. The merger did not occur until December 31, 2003. Further, Defendant did identify that on January 6, 2003, Defendant had been purchased by Newell Rubbermaid, Inc. *See* Page 1 of Respondent's Statement of Position, which is attached hereto as Exhibit E.

corporate activity" test; and (3) the "locus of the operations" test. *See* Taber Partners v. Merit Builders, Inc., 987 F.2d 57, 60-61 (1st Cir. 1993); Topp, 814 F.2d at 834.

The "locus of the operations" model is generally appropriate to use when the majority of a corporation's physical operations are located in one state. Taber Partners, 987 F.2d at 60-61; Topp, 814 F.2d at 834. The test focuses on the location of where the corporation's actual business operations are concentrated. The "center of corporate activity" model is used when a corporation's day-to-day management is concentrated in one location. Taber Partners, 987 F.2d at 60-61; Topp, 814 F.2d at 834. The nerve center test focuses on the location from where the activities of the corporation are controlled and directed and is the most appropriate test for large corporations with "complex and farflung activities." DeWalker v. Pueblo International, Inc., 569 F.2d 1169, 1172 (1st Cir. 1978). "[T]he 'nerve center' model is appropriate for a corporation where executives at one central office direct all corporate activities conducted in diverse jurisdictions." Rautenstrauch v. Stern/Leach Co., 2004 WL 42573, *2 (D. Mass. 2004).

However, all three of these tests tend to merge and overlap. Topp, 814 F.2d at 834. The court in *Rautenstrauch v. Stern/Leach Co.*, noted that "these three tests are really models of corporate structure" and "it is unlikely that all three models will fit neatly." Rautenstrauch, 2004 WL 42573 at *2. This court cautioned that "courts must be careful to consider the fit of model to reality, and not try to shoehorn a corporation into an inappropriate description simply to apply a test." Id.

Generally in identifying the nerve center, the court uses factors such as the location of the corporate headquarters; where the corporate power, direction and control

are exercised; and where the major policy decisions are made. Other factors utilized by the court in determining a corporation's principal place of business are the locations where: the day-to-day management and operations are concentrated; the income tax returns are filed; the principal bank accounts are located; directors' and shareholders' meetings are held; and accounting, auditing, and legal work are done. *See* Media Duplication Services v. HDG Software, Inc., 928 F.2d 1228, 1237 (1st Cir. 1991); Rautenstrauch, 2004 WL 42573 at **4-5.

None of these factors point to Massachusetts. *See* Exhibit D. In fact, by looking at each of the factors to determine the principal place of business, it is evident that Irwin Industrial Tool Company's principal place of business is outside of Massachusetts. North Carolina is the headquarters for Irwin Industrial Tool Company. *See* Exhibit D. North Carolina is where the day to day management and operations are concentrated and where the major policy decisions are made. The key executives and their offices, including that of the President, are located in North Carolina. Other primary offices, such as the Corporate, Administrative, Sales, and Research and Development offices are located in North Carolina. There is no evidence to suggest that Massachusetts is the principal place of business for Irwin Industrial Tool Company as the corporate headquarters and the day to day management and operations all occur out of state. Since the largest amount of activity conducted for Irwin Industrial Tool Company occurs in North Carolina, North Carolina should be deemed its principal place of business.

Although Irwin Industrial Tool Company is a subsidiary of Newell Rubbermaid, a separately incorporated subsidiary has its own citizenship for diversity purposes. *See*

Taber, 987 F.2d at 61; Topp, 814 F.2d at 835; DeWalker, 569 F.2d at 1173. A subsidiary does not adopt the citizenship of its parent corporation provided that the separate corporate form is maintained. *See* DeWalker, 569 F.2d at 1173. Irwin Industrial Tool Company and Newell Rubbermaid have maintained separate corporate identities as each are separately incorporated, maintain separate headquarters, have their own executive offices and make their own policy decisions. *See* Exhibit D.

Even if the corporate separation between Irwin Industrial Tool Company and Newell Rubbermaid was considered to be fictitious or not carefully maintained, complete diversity would still exist. Newell Rubbermaid is an out of state corporation, incorporated in Delaware with its principal place of business in Atlanta, Georgia. *See* Exhibit D. Georgia is the headquarters of Newell Rubbermaid: its top executives are located in Georgia; the Legal Department is located in Georgia; the board of directors and shareholders meetings are held in Georgia and the major policy decisions are made in Georgia. Regardless of whether the court used the citizenship of Irwin Industrial Tool Company or Newell Rubbermaid, there is nevertheless complete diversity between the Plaintiffs and Defendant. Accordingly, Defendant has established that this action has been properly removed to this court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Plaintiffs Motion to Remand be denied.

Respectfully submitted:

/s/ Amy B. Royal
Amy B. Royal, Esq.
BBO No. 647175
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: May 14, 2004

CERTIFICATE OF SERVICE

I herby certify that a true and accurate copy of the above document was served upon the Plaintiffs counsel, Dennis M. LaRochelle, Cain, Hibbard, Myers & Cook, P.C. at 66 West Street, Pittsfield, MA 01201, by first-class, U.S. mail, postage prepaid on May 14, 2004.

/s/ Amy B. Royal
Amy B. Royal, Esq.