UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOYCE K. TEMPLEMAN,<br><br>    Plaintiff<br><br>    v.<br><br>IRWIN INDUSTRIAL TOOL COMPANY,<br><br>    Defendant | Civil Action No. 04-30057-KPN |

## ASSENTED-TO MOTION TO AMEND THE COMPLAINT

Now comes the plaintiff, Joyce K. Templeman, with the consent of the defendant, Irwin Industrial Tool Company ("Irwin"), and moves the Court pursuant to Fed. R. Civ. P. 15(a) to amend the complaint. A copy of the proposed Amended Complaint is attached hereto as Exhibit A.

The purpose of the amendment is to add the federal law analogues to the state law causes of action already stated.

| Respectfully submitted, | Assented: |
|---|---|
| For Joyce K. Templeman | For Irwin Industrial Tool Company |
| _____/s/ Dennis M. LaRochelle_____<br>Dennis M. LaRochelle (BBO# 600924)<br>CAIN, HIBBARD, MYERS & COOK, PC<br>66 West Street<br>Pittsfield, Massachusetts 01201<br>(413) 443-4771 | _____/s/ Amy B. Royal_____<br>Amy B. Royal (BBO# 647175)<br>SKOLER, ABBOTT & PRESSER, PC<br>One Monarch Place, Suite 2000<br>Springfield, Massachusetts 01144<br>(413) 737-4753 |

Dated:  October 13, 2004

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOYCE K. TEMPLEMAN,**<br><br>        **Plaintiff**<br><br>        v.<br><br>**IRWIN INDUSTRIAL TOOL COMPANY,**<br><br>        **Defendant** | Civil Action No. 04-30057-KPN |

**SECOND AMENDED COMPLAINT**

Plaintiff Joyce K. Templeman (hereinafter "Templeman"), by and through her counsel, hereby asserts as follows:

**Parties**

1. Templeman is an individual, born on July 20, 1948, who currently resides at 73 Stebbins Road, Monson, Massachusetts 01057.

2. Defendant Irwin Industrial Tool Company ("Irwin") is, upon information and belief, a Delaware corporation with a principal place of business at 29 East Stephenson Street, Freeport, Illinois 61032 and is the successor by merger to American Saw & Manufacturing Company ("American Saw"). At all times relevant to this complaint, American Saw was a Massachusetts corporation with a principal place of business at 301 Chestnut Street, East Longmeadow, Massachusetts and employed over 25 employees.

## Facts

3.   Templeman first worked for American Saw through a high school co-op program and then in a full-time position from 1965 through 1968.  Templeman returned to work full-time at American Saw on January 18, 1982 as a Credit Correspondent.

4.   In January 1994, Templeman changed positions from Credit Correspondent to Customer Service Representative, a position she subsequently held through February 25, 2003.  Templeman was one of seven Customer Service Representatives working in a unit within American Saw called the "World Class Team."

5.   On December 12, 2002, Templeman tripped and fell at work and injured her right knee. An x-ray taken that day showed a bone fracture in the knee. Templeman's doctor placed her leg in a brace, gave her crutches and ordered her to strict bed rest for treatment and recovery.

6.   While recovering, Templeman received workers' compensation.

7.   Throughout her leave, Templeman kept in constant contact with her employer, updating American Saw on her medical condition and the progress of her recovery.  American Saw's company nurse advised Templeman that American Saw could not guarantee that Templeman's position would be held longer than the twelve weeks required under the Family Medical Leave Act ("FMLA").

8.   Early during her leave, Templeman's supervisor at American Saw asked Templeman's husband whether Templeman could return to work quickly, even part time, since the supervisor was planning to depart on maternity leave in February 2003. The supervisor asked the same of Templeman herself on December 24, 2002.  Templeman's

supervisor asked her on several occasions during her leave to return to work as soon as possible to help handle the work load that the World Class Team was facing and was expecting to face.

9. An employee on the World Class Team, Danielle Timmerman (age approximately 22), was promoted from part-time to full-time status on or about January 1, 2003, while Templeman was out on leave.

10. In early February 2003, while Templeman was still out on leave, another employee, Diana Goncalves, (age approximately 32), was transferred from American Saw's Shipping Department onto the World Class Team and began training as a Customer Service Representative.

11. On February 10, 2003, Templeman received authorization from her doctor to return to work beginning the following week, but with certain restrictions. Templeman was not permitted to drive and she needed to use crutches, wear a knee brace and could perform only deskwork. Additionally, Templeman was required to keep her injured knee elevated when at her desk at American Saw. None of these restrictions affected Templeman's ability to perform her assigned tasks as a Customer Service Representative on the World Class Team.

12. Templeman returned to work on Monday, February 17, 2003 and worked for the full day. At the time she returned to work, Templeman had used less than the permitted twelve weeks of FMLA leave.

13. On Tuesday, February 18, 2003, while at work, Templeman's leg swelled badly and she was advised by American Saw's physical therapist and her own doctor to

3

leave work immediately in order to have an ultrasound performed on her leg to determine if there was a blot clot. Templeman left work early that day to have the ultrasound, which did not reveal a blood clot.

14. Templeman returned to work the following day, February 19, 2003, and worked the full day and each work day thereafter through February 25, 2003.

15. On Monday, February 24, 2003, Templeman received a letter indicating that she was being released from workers' compensation.

16. As of February 25, 2003, Templeman's hourly wage was $18.62.

17. Thoughout her employment at American Saw, all of Templeman's performance reviews characterized her performance as satisfactory or above satisfactory.

18. On Tuesday, February 25, 2003, Templeman arrived at work fifteen minutes early and was greeted by American Saw's Customer Service Manager.  The Manager asked Templeman to come into his office, where he and American Saw's Director of Human Resources advised Templeman that American Saw was terminating her employment immediately due to "business conditions."

19. The Manager forced Templeman to leave the premises immediately. Templeman attempted to collect her personal belongings but the Manager began to throw them into a box and again ordered Templeman to leave immediately.  Templeman was given the box, which contained only a portion of her belongings, and a company nurse escorted her out of the building in a wheel chair, unnecessarily wheeling Templeman through the main part of the facility and past her co-workers, causing her undue

4

embarrassment. To date, Templeman has not received the balance of her personal belongings.

20. When Templeman finally received her personal belongings, some items were missing and others were damaged.

21. By the terms of American Saw's benefits plan for its employees in effect on February 25, 2003 and still in effect, Templeman would have become eligible for company-sponsored health insurance upon retirement from American Saw had she remained employed through her 55th birthday on July 20, 2003.

22. Templeman was the only one of seventeen employees in the Customer Service Department at American Saw who was terminated on or about February 25, 2003. None of the employees remaining in Customer Service Department after that date were disabled.

23. After February 25, 2003, Templeman's position was filled by Diana Goncalves, the young employee who was transferred from the Shipping Department into the Customer Service Department in early February. Ms. Goncalves is not disabled.

24. The motivation for American Saw's wrongful termination of Templeman's employment was her age, her disability, her exercise of her rights under Massachusetts workers' compensation laws and the company's desire to deny Templeman the benefits of the company's retirement plan.

25. Since February 25, 2003, Templeman has been unemployed and unable to find work.

26. Since February 25, 2003, Templeman has incurred substantial expenses in providing for her own health insurance under COBRA that she would not have incurred if American Saw had continued to employ her.

27. As a result of her wrongful termination on February 25, 2003, Templeman was denied the opportunity to retire at age 55 and thereby to benefit from American Saw's health-insurance program for retirees.

28. As a result of her wrongful termination on February 25, 2003, Templeman was denied continued participation in American Saw's profit-sharing plan.

29. Templeman timely filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), on May 27, 2003. In that complaint, Templeman alleged that her termination was a wrongful discriminatory act under federal and state laws based upon both her age and her disability.

### Count One
### Violation of M.G.L. Chapter 151B – Age Discrimination

30. Templeman incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Templeman is over 40 years of age.

32. Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

33. American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

34. American Saw would not have terminated Templeman's employment on February 25, 2003 had she been under 40 years of age.

35. American Saw replaced Templeman with another employee who was less qualified but was under 40 years of age.

36. American Saw's termination of Templeman was a willful violation of M.G.L. ch. 151B.

WHEREFORE, Templeman respectfully requests that the Court find Irwin, as successor to American Saw, in willful violation of M.G.L. ch. 151B and award Templeman triple her lost wages and benefits (including health insurance), triple the 2002 profit-sharing distribution to which Templeman would have been entitled, triple damages for her emotional distress, and an order directing Irwin to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

## Count Two
### Violation of M.G.L. ch. 151B – Disability Discrimination

37. Templeman incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Templeman's knee injury constitutes a "handicap" as that term is defined in M.G.L. ch. 151B.

39. In spite of her handicap, Templeman is, and was at all times relevant to this complaint, capable of performing the essential functions of Customer Service Representative at American Saw.

7

40. Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

41. American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

42. American Saw's termination of Templeman's employment on February 25, 2003 was motivated, at least in part, by Templeman's handicap.

43. American Saw replaced Templeman with another employee who was not handicapped.

44. American Saw's termination of Templeman was a willful violation of M.G.L. ch. 151B.

WHEREFORE, Templeman respectfully requests that the Court find Irwin, as successor to American Saw, in willful violation of M.G.L. ch. 151B and award Templeman triple her lost wages and benefits (including health insurance), triple the 2002 profit-sharing distribution to which Templeman would have been entitled, triple damages for her emotional distress, and an order directing Irwin to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

**Count Three**
**Violation of M.G.L. ch. 152 § 75B – Discrimination Because of**
**<u>Exercising Rights Under State Worker's Compensation Laws</u>**

45.     Templeman incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46.     As a result of her workplace injury, Templeman exercised her rights under the Massachusetts workers' compensation laws and received workers' compensation payments during her leave of absence from work from December 12, 2002 through February 17, 2003.

47.     American Saw wrongfully terminated Templeman's employment on February 25, 2003 in retaliation for Templeman's exercise of her rights under Massachusetts workers' compensation laws.

WHEREFORE, Templeman respectfully requests that the Court find Irwin, as successor to American Saw, in violation of M.G.L. ch. 152 § 75B and award Templeman her lost wages and benefits (including health insurance), the 2002 profit-sharing distribution to which Templeman would have been entitled, damages for her emotional distress and an order directing Irwin to provide Templeman with the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs, all other damages she may prove at trial, and such other relief as the Court deems just and equitable.

## Count Four
## Violation of the Age Discrimination in Employment Act ("ADEA")

48.     Templeman incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     Templeman is over 40 years of age.

50.     Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

51.     American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

52.     American Saw would not have terminated Templeman's employment on February 25, 2003 had she been under 40 years of age.

53.     American Saw replaced Templeman with another employee who was less qualified but was under 40 years of age.

54.     American Saw's termination of Templeman was a willful violation of the ADEA.

WHEREFORE, Templeman respectfully requests that the Court find Irwin, as successor to American Saw, in willful violation of the ADEA and award Templeman double her lost wages and benefits, double the 2002 profit-sharing distribution to which Templeman would have been entitled and an order directing Irwin to compensate Templeman for the health-insurance benefits to which she would have been entitled, along with interest, attorneys' fees and costs.

## Count Five
### Violation of the Americans with Disabilities Act ("ADA")

55. Templeman incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. Templeman's knee injury constitutes a "handicap" as that term is defined in the ADA.

57. In spite of her handicap, Templeman is, and was at all times relevant to this complaint, capable of performing the essential functions of Customer Service Representative at American Saw.

58. Through February 25, 2003, Templeman satisfactorily performed all of American Saw's legitimate job performance expectations.

59. American Saw's termination of Templeman's employment on February 25, 2003 constitutes an adverse employment action against her.

60. American Saw's termination of Templeman's employment on February 25, 2003 was motivated, at least in part, by Templeman's handicap.

61. American Saw replaced Templeman with another employee who was not handicapped.

62. American Saw's termination of Templeman was outrageous and evidenced a reckless indifference to Templeman's rights.

WHEREFORE, Templeman respectfully requests that the Court find Irwin, as successor to American Saw, in willful violation of the ADA and award Templeman her lost wages and benefits and the 2002 profit-sharing distribution to which Templeman would have been entitled, along with punitive damages, interest, attorneys' fees and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL APPROPRIATE ISSUES.

                                        Respectfully submitted,

                                        JOYCE K. TEMPLEMAN

                                        By her attorneys,

                                        ___/s/ Dennis M. LaRochelle_____
                                        Diane M. DeGiacomo (BBO# 555930)
                                        Dennis M. LaRochelle (BBO# 600924)
                                        CAIN, HIBBARD, MYERS & COOK, PC
                                        66 West Street
                                        Pittsfield, Massachusetts 01201
                                        (413) 443-4771

Dated:  October 13, 2004