UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

***********************************************
JOYCE K. TEMPLEMAN

    Plaintiff,

v.                                  Civil Action No. 04-30057-KPN

IRWIN INDUSTRIAL TOOL
COMPANY,

    Defendant.
***********************************************

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Irwin Industrial Tool Company ("Defendant"), submits this Answer and Affirmative Defenses to Plaintiff, Joyce K. Templeman's ("Plaintiff") Second Amended Complaint.

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint, except insofar as Defendant admits that Plaintiff is an individual.

2. Defendant admits that Irwin Industrial Tool Company is a Delaware corporation and that it became the successor to American Saw following American Saw's merger into it. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint as written.

**FACTS**

3. Defendant admits that Plaintiff was hired on January 18, 1982, but denies that she was hired as a Credit Correspondent and denies all remaining allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint as written.

4. Defendant admits that in January 1994 Plaintiff was transferred to the Customer Service Department, that she held the position of Customer Service Representative when she was laid off on February 25, 2003, and that she was on a team with the title of "world class team." Defendant denies all remaining allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint as written.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint and, therefore, it leaves Plaintiff to her proof.

6. Upon information and belief, Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint as written.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint as written.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint as written.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint as written. Further answering, in January 2003, Ms. Goncalves transferred into the Customer Service Department to fill an opening.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint as written with the exception that it admits that Plaintiff was cleared to return to work with certain restrictions.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendant admits that Plaintiff complained of various symptoms, that certain appropriate precautionary measures were taken to ensure Plaintiff's health and safety, and that testing reflected that Plaintiff did not have a blood clot. Defendant denies all remaining allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint as written. Further answering, Defendant states that performance reviews cover a variety of matters and the documents speak for themselves.

18. Defendant admits with clarification that, on February 25, 2003, the Manager of Customer Service and the Director of Human Resources met with Plaintiff to inform her that she was being laid off. Defendant denies all remaining allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint as written.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint as written. Further answering, Defendant admits Plaintiff was the only employee within her particular department who was laid off that day; however, there were a total of twenty-one employees from various departments who were laid-off that day.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that "Ms. Goncalves is not disabled." Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint as written.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint as written.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint as written.

## COUNT ONE
**(Violation of M.G.L. Chapter 151B – Age Discrimination)**

30. Defendant incorporates by reference its answers to the preceding Paragraphs as if fully set forth herein.

31. Upon information and belief, Defendant admits the allegation contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint as written.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint as written.  Further answering, Plaintiff was laid off from her position, not terminated.  Defendant does not deny that Plaintiff's lay off constitutes an "adverse employment action."

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

## COUNT TWO
**(Violation of M.G.L. Chapter 151B – Disability Discrimination)**

37. Defendant incorporates by reference its answers to the preceding Paragraphs as if fully set forth herein.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint as written.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint as written.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint as written. Further answering, Plaintiff was laid off from her position, not terminated. Defendant does not deny that Plaintiff's lay off constitutes an "adverse employment action."

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

### COUNT THREE
**(Violation of M.G.L. Chapter 152, § 75B – Discrimination Because of Exercising Rights Under State Workers' Compensation Laws)**

45. Defendant incorporates by reference its answers to the preceding Paragraphs as if fully set forth herein.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint as written.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

## COUNT FOUR
### (Violation of the Age Discrimination in Employment Act ("ADEA"))

48. Defendant incorporates by reference its answers to the preceding Paragraphs as if fully set forth herein.

49. Upon information and belief, Defendant admits the allegation contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint as written.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint as written. Further answering, Plaintiff was laid off from her position, not terminated. Defendant does not deny that Plaintiff's lay off constitutes an "adverse employment action."

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Second Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint.

## COUNT FIVE
### (Violation of the Americans with Disabilities Act ("ADA"))

55. Defendant incorporates by reference its answers to the preceding Paragraphs as if fully set forth herein.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint as written.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint as written.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint as written.  Further answering, Plaintiff was laid off from her position, not terminated.  Defendant does not deny that Plaintiff's lay off constitutes an "adverse employment action."

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. The court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

4. Plaintiff has failed to exhaust her procedural remedies.

5. Plaintiff has failed to exhaust her administrative remedies.

6. As to each Count, without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, the Plaintiff has failed to mitigate her damages.

        Respectfully Submitted:

        /s/ Amy B. Royal
        Amy B. Royal, Esq.
        BBO No. 647175
        Counsel for Defendant
        Skoler, Abbott & Presser, P.C.
        One Monarch Place, Suite 2000
        Springfield, Massachusetts 01144

Dated: November 10, 2004        Tel.: (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I herby certify that a true and accurate copy of the above document was served upon the Plaintiffs counsel, Dennis M. LaRochelle, Cain, Hibbard, Myers & Cook, P.C. at 66 West Street, Pittsfield, MA 01201, by first-class, U.S. mail, postage prepaid, and filed electronically, on November 10, 2004.

        /s/ Amy B. Royal
        Amy B. Royal, Esq.